# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **WILLIAM N. WHITMAN** | **CIVIL ACTION NO. 06-0229** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **HERCULES OFFSHORE CORP.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

This case involves a personal injury suit brought under the Jones Act, 46 U.S.C. § 30101, *et seq.* ("Jones Act")[1] by William N. Whitman ("Whitman") against his employer Hercules Drilling Company, LLC ("Hercules").[2] Whitman claims that Hercules is liable for injuries he sustained while working aboard a Hercules offshore rig.

Pending before the Court is Hercules' Motion for Summary Judgment [Doc. No. 8] claiming that Whitman's cause of action is barred by the primary duty doctrine. Whitman filed a Memorandum in Opposition [Doc. No. 11] responding that the Fifth Circuit does not recognize the primary duty doctrine, and, alternatively, that Whitman did not breach his primary duty. Hercules filed a reply [Doc. No. 14].

For the following reasons, Hercules' Motion for Summary Judgment is DENIED.

## I. FACTS AND PROCEDURAL HISTORY

Whitman was employed as a "toolpusher," or offshore installation manager, on one of

---

[1] After Plaintiff filed this lawsuit, 46 Appx. U.S.C.A. § 688 was repealed by Pub. L. No. 109-304, 120 Stat. 1485 on Oct. 6, 2006, and replaced by 46 U.S.C. § 30104(a).

[2] Hercules was erroneously named "Hercules Offshore Corp." in Whitman's Complaint.

1

Hercules' rigs.

On October 23, 2004, Whitman was injured when he attempted to disconnect some tubing from a landing joint. Whitman saw a floorhand standing on the handle of a pipe wrench and shifting his body weight to try to break the tubing loose from the joint. Whitman, who was significantly heavier, offered to stand on the handle of the pipe wrench to break the connection. When Whitman shifted his weight, the connection did not break, and, instead, threw Whitman off. Whitman landed on the deck and claims he injured his lower back.

On February 6, 2006, Whitman filed his Jones Act suit against Hercules for his injuries. Whitman claims that his injuries were caused by the negligence of a Hercules driller, who allegedly failed to disconnect the tubing before placing it on the pipe rack.[3]

On November 3, 2006, Hercules filed a Motion for Summary Judgment [Doc. No. 8].

On November 20, 2006, Whitman filed a Memorandum in Opposition [Doc. No. 11].

On December 6, 2006, Hercules filed a reply [Doc. No. 14].

## II.  LAW AND ANALYSIS

### A.  Summary Judgment Standard of Review

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion

---

[3]It is the Court's understanding that Whitman was injured in the process of removing tubing (or a crossover sub) from a landing joint after the landing joint was placed on the catwalk. However, neither party has adequately explained the facts of this case or its arguments in layman's terms.

by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet its initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). To satisfy this burden, "they are required to identify specific evidence in the record, and to articulate the precise manner in which that evidence supports their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (internal quotations omitted). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Primary Duty Doctrine

Hercules relies on the primary duty doctrine, also known as the primary duty rule, in seeking summary judgment. Under the terms of Whitman's employment, his duties included ensuring that all employees followed Hercules' safety policies and performed their tasks in a safe manner. Hercules' safety protocol states that when an employee uses a pipe wrench, he should position his feet to avoid losing his balance. Since Whitman fell, Hercules contends he did not position himself safely. Hercules also contends that Whitman had a safer way to disconnect the tubing.

Whitman responds that the Fifth Circuit does not recognize the primary duty doctrine. *See Sanders v. Diamond Offshore Drilling*, Docket No. 00-2307, 2002 U.S. Dist. LEXIS 22714, *5 (E.D.

3

La. 2002) ("The Court has found no case in which the Fifth Circuit embraced the primary duty rule . . . "); *Cameron v. United States*, 135 F. Supp. 2d 775, 778 (S.D. Tex. 2001) (same). Instead, he contends that under the Jones Act, the Fifth Circuit applies principles of comparative negligence and apportions fault between employer and employee.

The primary duty doctrine bars recovery when a plaintiff is injured as the result of his breach of a primary duty of his employment. *See generally Walker v. Lykes Bros. S.S. Co.*, 193 F.2d 772 (2nd Cir. 1952) (holding that a seaman who breaches a duty owed his employer, which he assumed by accepting employment, may not recover from his employer if such breach is the sole cause of the seaman's injury).

In *Gautreaux v. Scurlock Marine*, the defendant claimed that the primary duty doctrine barred the suit of a captain of a vessel who was seriously injured when he used a manual crank to relieve tension on his barge's towing wires. *Gautreaux v. Scurlock Marine, Inc.*, 84 F.3d 776, 782 (5th Cir. 1996), *rev'd on reh'g*, 107 F.3d 331 (5th Cir. 1997) (en banc). In its original ruling, the Fifth Circuit stated that "[o]ur jurisprudence may lend some support to [the defendant's] contention that [the plaintiff] should be barred from recovery if his negligent conduct alone caused his injury, and his employer was completely free from fault." *Id.* However, the Court found that the defendant was slightly negligent and that the defendant's negligence contributed to the plaintiff's injuries. *Id.*

On rehearing, the Court did not discuss the primary duty doctrine. Instead, the Court held that the Fifth Circuit applies principles of ordinary negligence under the Jones Act:

> A seaman, then, is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment but also his own experience, training, or education. The reasonable person standard, therefore, and a Jones Act negligence action becomes one of the reasonable seaman in like circumstances.

4

*Gautreaux*, 107 F.3d at 337.

Hercules cites one district court case to support its claim that the primary duty doctrine applies in the Fifth Circuit. Hercules claims that the court in *Malefant v. Beatty St. Props.,* 328 F. Supp. 2d 668, 670 (S.D. Tex. 2004), *rev'd on other grounds*, *Malenfant v. Beatty St. Props., Inc.*, 133 Fed. Appx. 985 (5th Cir. 2005), "applied the primary duty rule . . ." and found that the plaintiff breached his primary duty and that his injuries stemmed from that breach.[4] [Doc. No. 8-2, p. 12].

The defendant in *Malefant* argued that the plaintiff was barred from recovery under the primary duty doctrine because he breached a primary duty of his employment, or alternatively, because the sole proximate cause of his injuries was his own negligence.

The district court first held that, if a plaintiff is injured entirely by his own negligence, then the plaintiff cannot recover under principles of ordinary negligence:

> **The Fifth Circuit has held that a Jones Act Seaman is obligated to act with ordinary prudence under the circumstances.** *Gautreaux v. Scurlock Marine Inc.*, 107 F.3d 331, 339 (5th Cir. 1997). This standard of care is the same one required by common law, and a seaman who is injured entirely by his own negligence cannot recover under the Act. *Id.* . . . **It is pursuant to this rule of law that the Court decides the instant Motion.**

328 F. Supp. 2d at 670 (emphasis added); *see also Sanders*, 2002 U.S. Dist. LEXIS 22714, at *6-7 ("[A] plaintiff's negligence in failing to perform a duty assumed in the course of employment may reduce, but does not bar, plaintiff's recovery, unless plaintiff's negligence is the sole cause of his injury.").

The district court then analyzed whether the plaintiff's negligence was the sole proximate cause of his injuries:

---

[4]The Court notes that the Plaintiff's last name is spelled differently in the district court's opinion (Malefant) and the Fifth Circuit's opinion (Malenfant).

> Defendants maintain that the sole cause of Plaintiff's injury was the absence of a non-skid strip on the top step of the staircase leading down to the galley. Additionally, they argue that it was Plaintiff's duty to maintain the steps and make sure they were safe and that by failing to do so, he did not act with ordinary prudence. Plaintiff argues that the vessel was unseaworthy because (1) the staircase was too steep, (2) there were insufficient handrails, and (3) there was no non-skid on the first step. He claims that the ship owner's negligence in allowing these conditions to exist contributed to his injuries.

*Malefant*, 328 F. Supp. 2d at 670. The district court found that the plaintiff failed to show the defendant's acts caused his injuries. *Id.* at 670-71. The Court also found that the plaintiff was responsible for maintaining the steps and that his failure to do so was the sole proximate cause of his injuries: "According to Plaintiff himself, the lack of non-skid on the step was an "oversight" on his part. It was this oversight that was the sole proximate cause of Plaintiff's injury. Since Plaintiff's own negligence was the cause of his injury, he cannot recover against Defendants. . . ." *Id.* at 671. Therefore, a close reading of *Malefant* shows that the Court did not embrace the primary duty doctrine.[5]

Hercules' sole legal basis for summary judgment is that Whitman is barred from recovery because he breached a primary duty of his employment.[6] The Fifth Circuit does not recognize the

---

[5]Hercules' argument that the Fifth Circuit embraced the district court's decision in *Malefant* is unpersuasive. In affirming this portion of the district court's opinion, the Fifth Circuit merely stated ". . . we find no reversible error of law or fact on liability and affirm that part of the district court's decision for essentially the reasons it stated." *Malenfant*, 133 Fed. Appx. at 985.

[6]"This motion is not based on Plaintiff's "contributory negligence," . . . but rather on Plaintiff's breach of a "primary duty" to his employer . . . ." [Doc. No. 8-2, p. 1]. ". . . if this honorable court finds that Plaintiff breached a contractual duty of his employment, this court should bar his recovery even without an independent analysis of contributory negligence." [Doc. No. 8-2, p. 20].

6

primary duty doctrine as a bar to recovery in a Jones Act negligence suit.[7] Accordingly, Hercules'

Motion for Summary Judgment on this basis is DENIED.

## III. CONCLUSION

For the reasons set forth in this ruling, Hercules' Motion for Summary Judgment [Doc. No. 8] is DENIED.

MONROE, LOUISIANA, this 15th day of December, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[7]The Court recognizes that, in a Jones Act negligence suit, if a plaintiff breaches a duty owed to his employer, and the breach was the sole proximate cause of his injuries, then the plaintiff is barred from recovery. However, Hercules has not moved for summary judgment on this basis.